UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ANDREW OBRIECHT,
Individually and on behalf of those
similarly situated,

        Plaintiffs,        Case No. 3:18-cv-00877

   v.

CHRISTOPHER SPLINTER,
DAVE ROSS,
J.D. LIND,
CHARLES TEASDALE,
JASON ZEEH,
And
CRAIG LARSON,

        Defendants.

---

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND INDIVIDUAL COMPLAINT FOR DAMAGES**

---

### INTRODUCTION

1. This is a civil rights action filed by Plaintiff Andrew Obriecht challenging the policy and practice of the Wisconsin State Patrol of having officers stop, detain and cite individuals who are perceived as having communicated to oncoming traffic that a speed trap is ahead by flashing their headlights on-and-off, or who flash their headlights alternating between high- and low-beams and then prosecuting, imposing fines and assessing points against driver's licenses on those individuals.

2. Prior to October 16, 2018 at 1:57pm, and as-applied to Plaintiff Andrew Obriecht, the policy or practice included stopping, detaining, citing and prosecuting individuals for allegedly violating Wis. Stat. § 347.07(2)(c) when no reasonable officer would believe they had violated any law, and in retaliation for the individuals having engaged in expressive conduct protected by the First Amendment.

3. In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff Andrew Obriecht seeks damages on his individual claims. In addition, he seeks declaratory and prospective relief on behalf of a class of similarly situated individuals.

## JURISDICTION AND VENUE

4. This action arises under the Constitution of the United States and 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a), and pursuant to 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all defendants reside in the Western District of Wisconsin and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff Andrew Obriecht ("Obriecht") resides and is domiciled in the Western District of Wisconsin.

7. Defendant Christopher Splinter ("Trooper Splinter") resides and is domiciled in the Western District of Wisconsin. Trooper Splinter stopped,

detained, cited and caused Obriecht to be prosecuted. Trooper Splinter was acting in conformity with the policy and practice of the Wisconsin State Patrol ("State Patrol") as directed by the other defendants.

8. Defendant Secretary Dave Ross ("Secretary Ross") serves as the chief policymaker for the Wisconsin Department of Transportation ("DOT"). DOT oversees the State Patrol. Secretary Ross is sued in his official capacity.

9. Defendant Superintendent J.D. Lind ("Superintendent Lind") serves as the chief policymaker for the State Patrol. Superintendent Lind created or ratified the State Patrol's policy and practice of stopping, detaining, citing and prosecuting individuals, like Obriecht, for flashing headlights to warn of a speed trap. Superintendent Lind is being sued in his individual capacity.

10. Defendant Deputy Superintendent Colonel Charles Teasdale ("Colonel Teasdale") has policymaking authority for the State Patrol. Colonel Teasdale created or ratified the State Patrol's policy and practice of stopping, detaining, citing and prosecuting individuals, like Obriecht, for flashing headlights to warn of a speed trap. Colonel Teasdale is being sued in his individual capacity.

11. Defendant Captain Jason Zeeh ("Captain Zeeh") serves as the commander of the Wisconsin State Patrol for the counties of Columbia, Crawford, Dane, Dodge, Grant, Green, Iowa, Juneau, La Crosse, Lafayette, Monroe, Richland, Rock, Sauk and Vernon. Captain Zeeh has policymaking authority for those counties. Captain Zeeh created or ratified the State Patrol's

policy and practice of stopping, detaining, citing and prosecuting individuals, like Obriecht, for flashing headlights to warn of a speed trap. Captain Zeeh is being sued in his individual capacity.

12. Defendant Lieutenant Craig Larson ("Lieutenant Larson") serves as the executive officer of the Wisconsin State Patrol for the counties of Columbia, Dane, Dodge, Green, Iowa, Lafayette, Rock and Sauk. Lieutenant Larson has policymaking authority for those counties. Lieutenant Larson created or ratified the State Patrol's policy and practice of stopping, detaining, citing and prosecuting individuals, like Obriecht, for flashing headlights to warn of a speed trap. Lieutenant Larson is being sued in his individual capacity.

## FACTS

13. Defendants have acted, and continue to act, under color of Wisconsin law at all times relevant to this complaint.

14. On October 16, 2018, at or about 1:57pm, Obriecht drove his car on Highway 33 in the Columbia County, Town of Caledonia, Wisconsin.

15. Obriecht observed a speed trap.

16. Obriecht communicated by flashing his headlights to drivers approaching in the opposite direct—of whom Obriecht did not suspect of violating any law—that they should slow down and proceed with caution.

17. The flashing of headlights is commonly understood as conveying the message to slow down and proceed with caution.

18. Obriecht did not violate any law.

19. Trooper Splinter did not have reasonable suspicion to believe that Obriecht had violated any law.

20. Trooper Splinter, who was traveling in a marked squad car, activated flashing lights and siren to signal to Obriecht that he must pull over to the side of the road. Obriecht complied.

21. Obriecht was not free to leave the stop until after he was issued a citation.

22. Trooper Splinter issued to Obriecht Wisconsin Uniform Citation number BC256111-2 for allegedly operating a vehicle with a flashing light. The citation states that Obriecht will be assessed 3 points against his license.

23. The citation notified Obriecht that he must appear in court to dispute the citation.

24. A reasonable officer would have known that Obriecht had violated no law.

25. By issuing the citation, Trooper Splinter initiated the prosecution of Obriecht.

26. Wis. Stat. § 347.07(2)(c) states, in relevant part, that "no person shall operate any vehicle or equipment on a highway which has displayed thereon: . . . [a]ny flashing light."

27. No reasonable officer would believe that Obriecht had violated Wis. Stat. § 347.07(2)(c).

28. Obriecht spoke with Sergeant Gary Helgerson ("Sergeant Helgerson") on October 17, 2018 at or about 9:43am by telephone about the citation. Sergeant Helgerson told Obriecht that it was the policy and practice of the State Patrol to stop, detain, cite and prosecute individuals for warning of a speed trap by flashing their headlights on-and-off.

29. Obriecht spoke with Lieutenant Larson on October 17, 2018 at or about 2:15pm by telephone about the citation. Lieutenant Larson told Obriecht that it was the policy and practice of the State Patrol to stop, detain, cite and prosecute individuals for warning of a speed trap by flashing their headlights on-and-off.

30. Defendants caused Obriecht to be stopped, detained, cited and prosecuted without reasonable suspicion or probable cause to believe that Obriecht had committed any violation of law.

31. It is the policy and practice of the State Patrol to pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic that a speed-trap is ahead by flashing their headlights, and then prosecute, impose fines and have license points assessed against those individuals even though there are no reasonable grounds to suspect that they have violated any law.

32. In addition, prior to on or about October 16, 2018, and as-applied to Obriecht, the policy and practice included stopping, detaining, citing and prosecuting individuals for violating Wis. Stat. § 347.07(2)(c) that no reasonable

officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

33. Superintendent Lind, Colonel Teasdale, Captain Zeeh and Lieutenant Larson created or ratified the policy and practice of stopping, detaining, citing and prosecuting individuals for violating Wis. Stat. § 347.07(2)(c) that no reasonable officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

34. As a direct and proximate result of defendants' actions and omissions, Obriecht has suffered the following damages and injures:

    a. Violation of his rights under the First Amendment to be free from seizure, detention, and prosecution for constitutionally protected acts of expression;

    b. Unreasonable seizure of his person without warrant, reasonable suspicion or probable cause in violation of the Fourth Amendment;

    c. Unlawful deprivation of his liberty without due process in violation of the Fifth Amendment;

    d. Deprivation of his liberty during the stop and detention;

    e. Deprivation of his liberty during the time he has to spend defending the citation;

    f. Objectively reasonable chilling effect on communicating by flashing headlights for fear of seizure, detention, citation, prosecution and punishment.

35. Absent injunctive relief, Obriecht reasonably fears that he will be harmed if he communicates by flashing his headlights and, as a result, has refrained from doing so and will refrain from doing so in the future.

### FIRST CLAIM FOR RELIEF
### CLAIMS FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### AGAINST EACH DEFENDANT ON BEHALF OF OBRIECHT AND CLASS

36. Obriecht and Plaintiffs incorporate here all other paragraphs in this complaint.

37. Obriecht is a member of a Class of current and future individuals who drive vehicles within the State of Wisconsin and have communicated (or would communicate but for fear of seizure, detention, citation, prosecution, and punishment) by flashing their headlights.

38. There are questions of law and fact that are common to the Class, without limitation to, the legal questions of whether defendants' policy and practice impermissibly infringe the Class members' right to engage in expressive activity as guaranteed by the United States Constitution and whether defendants' policy and practice of stopping, detaining, citing, prosecuting and punishing Class members who communicate by flashing their headlights

without reasonable suspicion or probable cause to believe that such activity violates any law is unlawful under the Fourth and Fifth Amendments of the United States Constitution.

39. Obriecht's claims for prospective relief are typical of the claims of the Class.

40. Obriecht will fairly and adequately protect the interests of the Class.

41. Defendants' policy and practice that is the subject of this lawsuit is generally applicable to the Class, thereby making it appropriate for this Court to grant injunctive and any corresponding declaratory relief to the Class as a whole.

42. Defendants maintain a policy and practice of stopping, detaining, citing, prosecuting and punishing individuals who communicate by flashing their headlights without reasonable suspicion or probable cause to believe that such activity violates any law and in retaliation for First Amendment protected activity.

43. Obriecht and Plaintiffs' injuries described herein were proximately caused by defendants' policy and practice.

> WHEREFORE, Obriecht and Plaintiffs request the following relief:
>
> A. Certify a Plaintiff Class consisting of current and future individuals who drive vehicles within the State of Wisconsin and have communicated (or would communicate but for fear of

seizure, detention, citation, prosecution and punishment) by flashing their headlights;

B. Appoint Obriecht as Class Representative and the law firm of GINGRAS CATES & WACHS LLP, by Attorney William F. Sulton, as Class Counsel;

C. Enter a declaration, pursuant to 42 U.S.C. § 1983, that defendants' policy and practice violates the United States Constitution;

D. Enter preliminary and permanent injunctions prohibiting defendants and their officers, agents, servants, and employees, from stopping, detaining, citing, prosecuting, or punishing any individual for the act of flashing his or her headlights;

E. Enter a judgment in favor of Plaintiffs against defendants pursuant to 42 U.S.C. § 1983;

F. Award Plaintiffs compensatory damages against defendants for violations of their constitutional rights under color of Wisconsin law;

G. Award Plaintiffs' costs, including attorneys' fees and experts' fees under 42 U.S.C. § 1988, and under other applicable law; and

H. Allow such other and further relief for the Plaintiff Class as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### CLAIMS FOR FIRST AMENDMENT RETALIATION AND UNLAWFUL SEIZURE AGAINST TROOPER SPLINTER ON BEHALF OF OBRIECHT

44. Obriecht and Plaintiffs incorporate here all other paragraphs in this complaint.

45. Trooper Splinter, acting under color of Wisconsin law, required Obriecht to pull to the side of the road and to remain on the side of road without reasonable suspicion or probable cause to believe that Obriecht had violated any law.

46. Obriecht's conduct of communicating a message by flashing his headlights is expressive conduct protected by the First Amendment.

47. Obriecht's communication did not violate any law.

48. But for Trooper Splinter's retaliatory animus regarding Obriecht's communication by flashing his headlights, Trooper Splinter would not have compelled Obriecht to pull over.

49. But for Trooper Splinter's retaliatory animus regarding Obriehct's communication by flashing his headlights, Trooper Splinter would not have detained Obriecht while preparing a citation.

50. But for Trooper Splinter's retaliatory animus regarding Obriehct's communication by flashing his headlights, Trooper Splinter would not have issued Obriecht a citation for allegedly violating Wis. Stat. § 347.07(2)(c).

51. But for Trooper Splinter's retaliatory animus regarding Obriehct's communication by flashing his headlights, Trooper Splinter would not have

initiated a proceeding in the Circuit Court for Columbia County against Obriecht for allegedly violating Wis. Stat. § 347.07(2)(c).

52. But for Trooper Splinter's retaliatory animus regarding Obriehct's communication by flashing his headlights, Obriecht would not have been required to answer in court to the allegation that he violated Wis. Stat. § 347.07(2)(c) by engaging in expressive conduct protected by the First Amendment.

>WHEREFORE, Obriecht requests the following relief:
>
>A. Enter a judgment in favor of Obriecht against defendants pursuant to 42 U.S.C. § 1983;
>
>B. Award Obriecht compensatory damages against defendants for violation of Obriecht's constitutional rights under color of Wisconsin law;
>
>C. Award Obriecht's costs, including attorneys' fees and experts' fees under 42 U.S.C. § 1988, and under other applicable law; and
>
>D. Allow such other and further relief to which Obriecht may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury pursuant to Fed.R.Civ.P. 38(b) and the Seventh Amendment to the United States Constitution.

Dated at the law offices of GINGRAS CATES & WACHS LLP, in Waukesha, Wisconsin, on this 25th day of October, 2018.

>*/s/ William F. Sulton*
>William F. Sulton
>State Bar No. 1070600
>
>GINGRAS CATES & WACHS LLP
>Suite 210
>3228 Turnberry Oak Drive
>Waukesha, WI  53188
>414-778-0700
>wsulton@gcwlawyers.com
>
>*Attorneys for Plaintiff Andrew Obriecht*

## **VERIFICATION**

I have studied the allegations of the Verified Complaint and, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

Executed within the United States on October 25, 2018.

*/s/ Andrew Obriecht*
Andrew Obriecht